UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

BONNIE DARLENE ROBINSON,　　　　　　　　　　　　　　　　　　6:13-cv-150-TC

　　　　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　FINDINGS
　　　　v.　　　　　　　　　　　　　　　　AND RECOMMENDATION

Commissioner of Social Security,

　　　　　　　　　　Defendant.

COFFIN, Magistrate Judge:

　　　　Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance.

　　　　Plaintiff asserts disability beginning January 1, 2006, due to depression, headaches, arthritis, and a peptic ulcer. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled. Plaintiff contends the ALJ erred in: (1) discrediting a treating and an examining physician; (2) finding plaintiff could perform a limited range of light work; and in (3) discrediting plaintiff's testimony.

　　　　Plaintiff worked as a housekeeper up until about 1997. From 1997 to 2005 she worked as a pilot car driver for her husband. Plaintiff takes medications such as hydrocodone and soma. She

Page 1 - FINDINGS & RECOMMENDATION

states that because of the pain she suffered while sitting and driving and because she could not take her medications while driving, it was too painful and stressful for her to continue her job. Tr. 56.

Plaintiff's treating physician since 1993, Dr. Ronald Jollo, opined as to plaintiff's condition and abilities in a letter dated April 1, 2011. Tr. 240-241. Dr. Jollo noted that plaintiff began having headaches as a teenager which over the years became a daily issue. Several times per month they would escalate into migraine-type headaches. Dr. Jollo stated that "the daily headaches were 'sick' but at the time not disabling. The migraines however would put her down in a bed/dark room until they abated." Tr. 240. Dr. Jollo further noted that accepted forms of treatment failed and while some eased her headaches to some degree making them more bearable, the ones known to cause ulcers were poorly tolerated. Dr. Jollo diagnosed plaintiff with chronic daily headaches (CDH). Dr. Jollo noted that a CDH diagnosis includes a resistance to medications and headaches occurring 15 or more days a month.

Dr. Jollo indicated that the severity of plaintiff's CDH increased each year and her ability to do her activities of daily living, vocational activities, and eventually most avocational activities became compromised. Tr. 240. Dr. Jollo stated "she was unable to sustain employment when she entered my practice, and except for a brief few years in the middle of that tenure when adequate h/a control allowed her to flag/pilot car for her husband (an oversized trucker), she continues to be unable to work gainfully." Tr. 240.

Specifically, Dr. Jollo, opined that plaintiff's limitations

> are primarily inability to concentrate, impaired decision making, intolerance of temperature changes, lights (photo phobia), sounds, and of course absenteeism for, by definition ≥ 15 days a month (and in Darlene's case more than that). If she takes medication to mitigate the headaches then she has additional limitations caused by the side effects of the Rx: Somnolence, confusion, impaired coordination. Unless a

Page 2 - FINDINGS & RECOMMENDATION

> remarkable new advance comes along, she will continue to be in this predicament.
>
> To this we must add that Darlene has developed degenerative arthritis of the neck and lumbar spine complicated by osteoporosis and now she is on OPIATE (codeine) therapy for this chronic pain diagnoses. She is restricted from bending, stooping or lifting repetitively, i.e., more than just a few repetitions (to wit: she has long since had her husband do the vacuum sweeping).

Tr. 241.

The ALJ rejected Dr. Jollo's opinion stating that Jollo asserted plaintiff has been unable to work since he first began to treat her in 1993, yet this is contradicted by plaintiff's demonstrated work activity and because "the medical records provided by Dr. Jollo are not supportive of his current opinion, and Dr. Jollo's opinion is not consistent with Mrs. Robinson's complaints, which are unchanged from the time she was working through the date last insured." Tr. 34. The Commissioner concedes that the ALJ's reliance on her assertion that Dr. Jollo's opinion is contradicted by plaintiff's work activity is not a specific and legitimate reason for rejecting the opinion. Defendant's Brief (#23) at p. 6, n. 1.

Neither the Commissioner nor the ALJ detail how Dr. Jollo's medical records do not support Jollo's opinion. Indeed, the opinion is consistent with a previous impairment questionnaire prepared by Dr. Jollo in October of 2009. Tr. 227-234. The ALJ also relies on plaintiff's condition being "unchanged" and that her medication regime only varied slightly from the time she was working. However, Dr. Jollo noted that for a brief period, she had adequate headache control. Dr. Jollo also noted that one of the components of CDH is a lack of response to medication. Moreover, when plaintiff did work for her husband prior to her alleged onset date and prior to her last date insured, she was having difficulty and missed work due to the pain preventing her from being able to drive two times a month in 2005. Her condition got worse by 2006. Tr. 67-68. Although the ALJ

Page 3 - FINDINGS & RECOMMENDATION

determined that plaintiff was still capable of employment driving a pilot car as of her date last insured, the record does not support a finding that a non-spouse employer would tolerate such absences. See Tr. 72 (vocational expert opines that missing work 2 to 3 days a month would result in loss of job and preclude substantial gainful employment). Therefore, the fact that the ALJ believes plaintiff's condition remained unchanged does not provide a specific and legitimate reason for discounting the opinion of Dr. Jollo.

The ALJ failed to provide specific and legitimate reasoning supported by substantial evidence to discount the opinion of Dr. Jollo. Where an ALJ provides legally insufficient reasons for rejecting medical opinion, that opinion is treated as true. Harmen v. Apfel, 211 F3d. 1172, 1179 (9th Cir. 2000). Even though the ALJ failed to reach step five of the sequential process because she found plaintiff capable of her past relevant work, the record demonstrates disability given the number of absences established by Dr. Jollo's opinion. Accordingly, there are no further issues that need to be resolved before a determination of disability can be made and a remand for benefits is warranted.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner should be reversed and remanded for an award of benefits.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have

fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 10 day of February, 2014.

THOMAS M. COFFIN
United States Magistrate Judge